John A. Duncan, et al., *v.* Madison County Court.

**County Bonds Issued to Build Railroad—Power of Legislature to Legalize.**
> Where county bonds were issued to pay for stock in a railroad, but without legal authority, the general assembly has the power to legalize and make them valid.

**Funds of County from Sale of Railroad Stock May be Used to Build Jail.**
> The surplus funds derived by a county from the sale of railroad bonds held by it may be devoted to the use of building a county jail.

APPEAL FROM MADISON CIRCUIT COURT.

October 6, 1875.

Opinion by Judge Lindsay:

The fourth section of the act relating to the Louisville & Nashville Railroad Company, approved the 9th of January, 1852, Sess.

Acts 1851-2, p. 738, provides that counties subscribing for capital stock in said company may pay their subscriptions in three several modes, viz.:

First. By the issuing and delivering to the company the bonds of the county, subscribing to an amount equal to the stock subscribed for, said bonds to be issued with coupon attached, under the seal of the county court, to be signed by the presiding judge thereof, and countersigned by the clerk, and to be negotiable and payable to the said Louisville & Nashville Railroad Company in the city of New York, at not more than twenty years from the date of issue, and to bear interest from the date thereof at the rate of six per cent. annually in the city of New York.

Second. By the levy of a direct tax sufficient to pay in four years, or longer, as the county court may deem expedient, the whole amount due for the stock subscribed for.

Third. By the issue of bonds, of the nature hereinbefore set out, to be delivered to the company, in payment of one-half the amount agreed to be paid for the stock, and by direct tax to be levied to pay the remainder.

On the 2d day of May, 1867, the county court of Madison county subscribed for and on behalf of said county three thousand five hundred shares of said stock. Instead of paying the subscription in one of the modes provided by law, said court caused to be issued and sold the bonds of the county, payable to Walker & Co., bankers in the city of New York, bearing six per centum interest, payable annually. Four hundred sixty-eight bonds of $1,000 each were issued by the court and the proceeds applied to the payment of the subscription for stock. The county court had no power or authority to issue and sell these bonds, and it is a question of doubt whether, except for subsequent legislation, they could have been collected from the taxpayers of the county, even by innocent holders, for value.

After about one hundred of the bonds had been sold, the general assembly (for the purpose of removing this doubt), by an act approved January 9, 1868, the preamble to which recites all the steps taken by the county court in the matter, enacted "that the said acts and orders of the Madison County Court in opening the poll, holding the election, in levying the taxes for the purposes above named, in issuing the bonds, in appointing the commissioners aforesaid and ordering the sale of the bonds, and all acts done in pursuance thereof, be and the same are hereby legalized and made valid,

as fully and completely as if the orders aforesaid had been made in conformity to law; and any and all bonds issued and sold under said orders shall be binding upon the county of Madison to all intents and purposes."

The power of the legislature to pass this act cannot be questioned; but the effect of the act was not to place the bonds upon the same footing with those issued pursuant to the power conferred by the act relating to the railroad company approved March 9, 1852. The bonds were declared to be as valid and binding on the county as though there had been in existence, at the time, a law authorizing and empowering the county court to pursue the course it saw proper to adopt. The county is bound to pay the bonds, but the holders have no such lien upon the stock of the railroad company subscribed for, nor upon the dividends arising from that stock, as sections 11 and 12 of the act of January 9, 1852, secured to other holders of bonds issued pursuant to the provisions of that act. The rights of the holders of the bonds issued and sold by Madison county are to be ascertained by reference to the orders of the county court, and to the act of January 9, 1868.

The fact that the order of May 6, 1867, directed that the subscription for stock should be made on the terms set forth and provided in the acts incorporating said company and the amendments thereto, does not conflict with this conclusion. The subscription was, no doubt, properly and legally made. It was the plan adopted by the court to pay the sum subscribed without legal sanction, up to the passage of the act of 1868. If the appellants have any claim to or lien upon the fund in controversy in this cause, it must arise out of the provisions of the act of March 22, 1872. 2 Sess. Acts 1871-2, p. 152. Under authority conferred by that act, the county court of Madison county caused all its stock in the railroad company to be sold, and with the proceeds it has purchased all the bonds of the county except 157 bonds of $1,000 each. It has also purchased, and the sinking fund commissioners hold for the county, the bonds of other counties, amounting in the aggregate to $156,000. The remainder of the proceeds of the sale of said stock, amounting to over $55,000, has been loaned on good security to the Louisville & Nashville Railroad Company. Out of this fund the county court proposes to devote to the erection of a county jail the sum of $20,-000; and these appellants, who are bondholders and taxpayers of the county, seek to restrain that court from carrying out the order made with that view. The act of March 22, 1872, authorized the

county court to sell the railroad stock of the county, and to invest the proceeds, or such an amount thereof as may be deemed best by said court for the interest of the county, in some safe and solvent securities or bonds.

The second section of the acts provides that such bonds and securities, when purchased, shall be held for the benefit of the county, and the interest accruing on them shall be applied by the sinking fund commissioners, "first, to the payment of the interest on the outstanding county railroad bonds; and if a surplus shall accrue after the payment of such interest, the commissioners shall apply such surplus to the purchase of outstanding Madison county bonds, or invest the same in other good and solvent securities, or in such safe and profitable manner as the court may direct."

It will be observed that the controlling idea of this act is to benefit the county, and to secure and advance its interests. Such advantages as inure to the holders of the county bonds, arise incidentally, and must be held to be subordinate to the interests of the county.

To the extent that the county court has deemed it best for the interests of the county to invest the proceeds of the sale of the railroad stocks in bonds or securities, it has irrevocably devoted the sum so invested, and the interests accruing thereon, to the purchase of the bonds of the county, and to the payment of the interest annually accruing on them. But to this $55,000 that the county court has not deemed it best for the interests of the county to invest, the holders of the county bonds have no right or claim. As appellants, as holders and owners of county bonds, have no right or claim to and no lien upon this fund, they have no right to object to its appropriation by the county court.

Nor do we think they have the right as taxpayers of the county to have the county court restrained from expending such portion of that fund as may be necessary to erect a county jail. The order of the court on that subject directs, "That an amount not exceeding $20,000, required to build a county jail, shall be paid out of that portion of the railroad sinking fund now in the hands of the Louisville & Nashville Railroad Company."

It is agreed in the record before us that the jail of Madison county has been condemned by frequent reports of grand juries for several years past, and that the necessity for a new jail is not open to question. It is the imperative duty of the county court of Madison county, setting as a court of claims, to cause to be erected and

kept in repair a secure and sufficient county jail; and for this purpose it may appropriate any money or credits belonging to and applicable to the payment of demands against the county.   By the order of court of date April 7, 1867, which was made valid and binding by the act of January 9, 1868, the county court reserved the right to sell the stock proposed to be taken in the Louisville & Nashville Railroad Company, if deemed expedient, and provided that in case it should not be sold, the dividends thereon should be applied annually to the payment of the interest on the bonds to be issued by the county, and if said dividends should exceed the interest on the bonds, the excess should be set apart as a sinking fund, which fund might, at the discretion of said court, be distributed among the taxpayers of the county pro rata, or applied to the lessening of the county levy, and of the taxes for county purposes.

In 1869 the railroad company declared a dividend payable in stock of 40 per cent., and in payment thereof there was issued and delivered to the county of Madison one thousand four hundred shares of stock, of the nominal value of $140,000.   All this stock was a clear surplus, and under the reserved powers set out and defined in the order of April 7, 1867, it might have been sold by the county court, and its proceeds distributed among the taxpayers of the county, or applied to the lessening or extinguishment of county levy and other county taxes.

The act of March 22, 1872, was not intended to abridge the powers of the county court as to the surplus.   It imposes no obligation upon that court to invest for the benefit of the bondholders the proceeds of the $140,000 stock of which it is made up.   It appears that this stock was sold for nearly double the sum now loaned to the railroad company, and fully five times as much as the order of court proposes to apply to the erection of the jail.

We do not doubt the right of the county court to treat the fund in the hands of the railroad company as an excess of dividends, in the sense of the order of April 7, 1867; and as the expenditure about to be made is clearly within the letter and spirit of that order, the circuit court properly refused to interfere to restrain the county court from carrying out the order providing for the erection of a county jail, and for the payment of the expense thereby incurred, out of this fund.

Judgment *affirmed.*

C. J. Bronston, W. B. Smith, for appellants.
W. C. Miller, T. J. Scott, for appellee.